Amy M. Samberg (#013874)
Amy L. Stein (#026113)
FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
One Arizona Center
400 E. Van Buren Street, Suite 550
Phoenix, AZ  85004
Telephone:  (602) 926-9880
Facsimile:  (312) 863-5099
E-Mail: asamberg@fgppr.com
         astein@fgppr.com
Attorneys for Defendant Travelers Personal Insurance
Company

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
400 E. Van Buren Street, Suite 550
Phoenix, Arizona 85004
(602) 926-9880

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Santana, and Stella Santana, husband and wife, | No.   2:19-cv-05474-PHX-DJH |
| Plaintiffs, | **DEFENDANT'S ANSWER** |
| v. | |
| Travelers Personal Insurance Company, a foreign corporation; John and Jane Does I-X; and Black and White Business Entities I-X, | |
| Defendants. | |

For its Answer to Plaintiffs' Complaint (the "Complaint"), Defendant Travelers Personal Insurance Company, hereinafter referred to as ("Travelers" or "Defendant"), admits, denies, and affirmatively alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1.     Answering Paragraph 1 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

2.     Answering Paragraph 2 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
400 E. Van Buren Street, Suite 550
Phoenix, Arizona 85004
(602) 926-9880

3.      Answering Paragraph 3 of the Complaint, Defendant admits that it issued a homeowners' insurance policy, no. 603757068 633 1, with effective dates January 11, 2019 to January 11, 2020 (the "Policy,") to Edward and Stella Santana ("Plaintiffs") for the premises located at 12614 N. 70th Drive, Peoria, Arizona (the "Property"), which provides coverage subject to the terms, conditions, limitations, and exclusions of the Policy.  To the extent the allegations in Paragraph 3 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

4.      Answering Paragraph 4 of the Complaint, Defendant admits that it issued the Policy.  The Policy is the best evidence of its content and speaks for itself.  To the extent the allegations in Paragraph 4 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

5.      Answering Paragraph 5 of the Complaint, Defendant admits that it is foreign insurance company authorized to do business in Maricopa County, Arizona.  To the extent the allegations in Paragraph 5 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

6.      Answering Paragraph 6 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

7.      Answering Paragraph 7 of the Complaint, Defendant admits to jurisdiction and venue.  To the extent the allegations in Paragraph 7 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

8.      Answering Paragraph 8 of the Complaint, Defendant admits to jurisdiction and venue.  To the extent the allegations in Paragraph 8 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

9.      Answering Paragraph 9 of the Complaint, the allegation is a statement of opinion or legal conclusion to which no response is required.

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
400 E. Van Buren Street, Suite 550
Phoenix, Arizona 85004
(602) 926-9880

## **GENERAL ALLEGATIONS**

10. Answering Paragraph 10 of the Complaint, Defendant re-alleges the admissions, denials, and affirmative defenses in Paragraphs 1 – 9, above, as if fully set forth herein.

11. Answering Paragraph 11 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

12. Answering Paragraph 12 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

13. Answering Paragraph 13 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

14. Answering Paragraph 14 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

15. Answering Paragraph 15 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

16. Answering Paragraph 16 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

17. Answering Paragraph 17 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

18. Answering Paragraph 18 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

19. Answering Paragraph 19 of the Complaint, Defendant admits that it received notice of a loss on or about July 24, 2019 (the "Loss"). To the extent the allegations in Paragraph 19 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

20. Answering Paragraph 20 of the Complaint, Defendant admits that it assigned the Loss claim number IES0268 (the "Claim"). To the extent the allegations in Paragraph 20 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

21. Answering Paragraph 21 of the Complaint, Defendant admits the Claim was initially assigned to Ms. Moreno, and she took photographs of the Property. To the extent the allegations in Paragraph 21 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

22. Answering Paragraph 22 of the Complaint, Defendant denies the allegations.

23. Answering Paragraph 23 of the Complaint, Defendant admits that it retained an engineer to assist in its investigation of the Loss. The engineer's report is the best evidence of its content and speaks for itself. To the extent the allegations in Paragraph 23 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

24. Answering Paragraph 24 of the Complaint, Defendant admits that it sent Plaintiffs correspondence dated August 1, 2016 and August 16, 2019 regarding the Loss and Claim. The correspondence is the best evidence of their content and speak for themselves. To the extent the allegations in Paragraph 24 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

25. Answering Paragraph 25 of the Complaint, Defendant admits it advised Plaintiff the Loss was not covered by the Policy. To the extent the allegations in Paragraph 25 of the Complaint differ from the foregoing and/or contain statements of opinion or legal conclusions, Defendant denies the allegations.

26. Answering Paragraph 26 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

27. Answering Paragraph 27 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

28. Answering Paragraph 28 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the allegations.

29. Answering Paragraph 29 of the Complaint, Defendant denies the allegations including the allegations in subparagraphs (a) – (i).

30. Answering Paragraph 30 of the Complaint, Defendant denies the allegations.

31. Answering Paragraph 31 of the Complaint, Defendant denies the allegations.

## COUNT ONE

### (Breach of Contract)

32. Answering Paragraph 32 of the Complaint, Defendant re-alleges the admissions, denials, and affirmative defenses in Paragraphs 1 – 31, above, as if fully set forth herein.

33. Answering Paragraph 33 of the Complaint, Defendant denies the allegations.

34. Answering Paragraph 34 of the Complaint, Defendant denies the allegations.

35. Answering Paragraph 35 of the Complaint, Defendant denies the allegations.

36. Answering Paragraph 36 of the Complaint, Defendant denies the allegations.

37. Answering Paragraph 37 of the Complaint, Defendant denies the allegations.

## COUNT TWO

### (Breach of the Covenant of Good Faith and Fair Dealing)

38. Answering Paragraph 38 of the Complaint, Defendant re-alleges the admissions, denials, and affirmative defenses in Paragraphs 1 – 37, above, as if fully set forth herein.

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
400 E. Van Buren Street, Suite 550
Phoenix, Arizona 85004
(602) 926-9880

39.     Answering Paragraph 39 of the Complaint, the allegation is a statement of opinion or legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.

40.     Answering Paragraph 40 of the Complaint, the allegation is a statement of opinion or legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.

41.     Answering Paragraph 41 of the Complaint, the allegation is a statement of opinion or legal conclusion to which no response is required.  To the extent a response is required, Defendant denies the allegations.

42.     Answering Paragraph 42 of the Complaint, Defendant denies the allegations.

43.     Answering Paragraph 43 of the Complaint, Defendant denies the allegations.

44.     Answering Paragraph 44 of the Complaint, Defendant denies the allegations.

## COUNT THREE

### (Punitive Damages)

45.     Answering Paragraph 45 of the Complaint, Defendant re-alleges the admissions, denials, and affirmative defenses in Paragraphs 1 – 44, above, as if fully set forth herein.

46.     Answering Paragraph 46 of the Complaint, Defendant denies the allegations.

47.     Answering Paragraph 47 of the Complaint, Defendant denies the allegations.

48.     Answering Paragraph 48 of the Complaint, Defendant denies the allegations.

## GENERAL DENIALS

Defendant denies the truth of each and every allegation of the Complaint unless specifically admitted herein.

## AFFIRMATIVE DEFENSES

As separate, alternative and affirmative defenses to the Complaint, Defendant alleges:

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
400 E. Van Buren Street, Suite 550
Phoenix, Arizona 85004
(602) 926-9880

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
400 E. Van Buren Street, Suite 550
Phoenix, Arizona  85004
(602) 926-9880

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every claim stated therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint, and each and every claim stated therein, is barred, in whole or in part, by the terms, conditions, definitions, limitations and exclusions contained in the Policy and/or by public policy or express provisions of law.

## THIRD AFFIRMATIVE DEFENSE

The Complaint, and each and every claim stated therein, is barred, in whole or in part, because either all or some of the loss may have occurred outside of the effective policy period.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each and every claim stated therein, is barred, in whole or in part, because the Policy does not cover loss caused by wear and tear, marring, scratching or deterioration.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each and every claim stated therein, is barred, in whole or in part, because the Policy does not cover loss caused by mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each and every claim stated therein, is barred, in whole or in part, because the Policy does not cover loss caused by rot, rust or other corrosion.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each and every claim stated therein, is barred, in whole or in part, because the Policy does not cover loss caused by settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings.

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
400 E. Van Buren Street, Suite 550
Phoenix, Arizona 85004
(602) 926-9880

**EIGHTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every claim stated therein, is barred, in whole or in part, because the Policy does not provide coverage for loss involving abrupt collapse of a building or any part of a building caused by use of defective material, methods or faulty, inadequate workmanship in construction, remodeling or renovation, unless the collapse occurs during the course of the construction, remodeling or renovation.

**NINTH AFFIRMATIVE DEFENSE**

The Complaint, and each and every claim stated therein, is barred, in whole or in part, because the Policy does not provide coverage for motor vehicles.

**TENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and on that basis alleges, that a person or entity not a party to this action was wholly or partially at fault for causing the damages for which Plaintiffs seek recovery thereby reducing or eliminating any amounts owed by Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and on that basis alleges, that Plaintiffs failed to exercise reasonable and ordinary care, caution, or prudence to avoid the damages complained of in the Complaint.  Thus, as a separate defense, Defendant alleges that, upon information and belief, Plaintiffs were comparatively at fault for the alleged damages, if any, sustained and thus, the amount of damages (if any) awarded against Defendant must be reduced proportionately by the amount of fault apportioned to Plaintiffs.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and on that basis alleges, that Plaintiffs failed to exercise reasonable care and diligence to mitigate, minimize, or avoid their alleged damages and, thus, any recovery which may be awarded to Plaintiffs in this action should be reduced accordingly.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and on that basis alleges, that Plaintiffs have unclean hands in relation to the matters alleged in the Complaint and, by virtue of their acts,

conduct, representations, and omissions Plaintiffs have waived her rights to the relief sought in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges the Plaintiffs are foreclosed from seeking damages in connection with any alleged breach of duty arising out of the Policy by virtue of their failure to perform their obligations under the Policy, including, but not limited to, their obligation to cooperate in the investigation and evaluation of their claim and instead filing this action before providing Defendant with reasonable opportunity to fully investigate and evaluate the claim.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that, by virtue of Plaintiffs' own acts and conduct, Plaintiffs waived their rights and/or is estopped from asserting their claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that at all times mentioned in the Complaint, it was asserting its legal rights under the Policy with a good faith belief in the existence of those rights, and thus, its conduct with respect to the subject matter of the Complaint is privileged.

## SEVENTEETH AFFIRMATIVE DEFENSE

As a consequence of Plaintiffs' failure to cooperate, any damages awarded against Defendant should be reduced by the amount of damages attributable to said conduct of Plaintiffs and their agents and representatives.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that the acts alleged to have been committed by it were not the cause in fact, proximate cause, or any legal cause of any damages complained of in the Complaint.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant alleges that any damages awarded against it are subject to an offset of any and all amounts recovered by Plaintiffs through any claim and/or lawsuit for the same loss and damages against third parties.

FORAN GLENNON PALANDECH PONZI & RUDLOFF PC
400 E. Van Buren Street, Suite 550
Phoenix, Arizona 85004
(602) 926-9880

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant has committed no acts that would constitute a breach of contract.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claimed damages are speculative, are not supported by proof, and are not compensable as a matter of law.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

At all times relevant herein, Defendant acted diligently and with due care in the performance of any duty owed to Plaintiffs.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendant did not breach its duties, if any, owed to Plaintiffs.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Defendant is not responsible for the payment of any damages suffered by Plaintiffs for which Plaintiffs have already received payment, including, but not limited to, payment from a third-party who is legally responsible.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Pursuant to A.R.S. § 12-341.01, Defendant is entitled to its attorneys' fees because this action arises out of a contract.

**RESERVATION OF RIGHTS**

All possible affirmative and additional defenses may not have been alleged herein and insofar as sufficient facts are not available upon reasonable inquiry, Defendant reserves the right to amend its Answer to allege more affirmative or additional defenses as subsequent investigation warrants.

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiffs take nothing against Defendant by their Complaint;

2.     That the Court enters judgment in favor of Defendant and against Plaintiffs on any and all claims for relief alleged against Defendant in the Complaint;

3.     That Defendant be awarded its attorney fees pursuant to A.R.S. § 12-341.01 and costs of suit herein; and

4.      For such other and further relief as the Court deems just and proper.


DATED this 29th day of October, 2019.

                                    FORAN GLENNON PALANDECH
                                    PONZI & RUDLOFF PC



                              By: s/   *Amy L. Stein*
                                    Amy M. Samberg
                                    Amy L. Stein
                                    400 E. Van Buren Street, Suite 550
                                    Phoenix, AZ  85004
                                    Attorneys for Defendant Travelers
                                    Personal Insurance Company

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2019, I electronically transmitted the foregoing

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

Notice of Electronic Filing to the following CM/ECF registrants below:

☐  **BY FAX:**  by transmitting via facsimile the document(s) listed above to the fax
number(s) set forth below on this date before 5:00 p.m. pursuant to EDCR Rule
7.26(a).  A printed transmission record is attached to the file copy of this document(s).

☐  **BY U.S. MAIL:**  by placing the document(s) listed above in a sealed envelope with
postage thereon fully prepaid, in the United States mail at Phoenix, Arizona addressed
as set forth below.

☒  **BY ELECTRONIC SERVICE:**  submitted to the above-entitled Court for electronic
service upon the Court's Service List for the above-referenced case.

Robert D. Ryan, Esq.
LAW OFFICES OF ROBERT D. RYAN, PLC
343 W. Roosevelt Street, Suite 220
Phoenix, AZ  85003
rob@robertdryan.com
*Attorneys for Plaintiff*


/s/      *Brenda Uran*

- 11 -