Robert D. Ryan – 014639
*LAW OFFICES OF*
*ROBERT D. RYAN, P.L.C.*
343 W. Roosevelt Street, Suite 220
Phoenix, AZ  85003
Phone:  (602) 256-2333
*email:  rob@robertdryan.com*
*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Edward Santana, and Stella Santana, husband and wife,<br><br>               Plaintiffs,<br><br>  v.<br><br>Travelers  Personal Insurance Company, a foreign corporation,<br><br>               Defendant. | Case No. 2:19-cv-05474-PHX-DJH<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiffs, for their First Amended Complaint against Defendant, hereby allege as follows:

**JURISDICTIONAL ALLEGATIONS**

1.     Plaintiffs Edward and Stella Santana (hereinafter the "Santanas") are husband and wife and residents of Maricopa County Arizona.

2.     The Santanas own a home located at 12614 N. 70th Dr., in Peoria, Arizona 85381.

3.     At all times material to this Complaint, the Santanas' home on N. 70th Dr. was insured by Defendant Travelers Personal Insurance Company throughough Policy No. 603757068 633 1 (hereinafter the "Insurance Policy").

4.     Edward Santana and Stella Santana are both specifically named as insureds within the Insurance Policy.

1

5.      Upon information and belief, Defendant Travelers Personal Insurance Company (hereinafter "Travelers ") is a foreign corporation authorized to do and doing substantial business in the State of Arizona, and authorized to do and doing substantial business in Maricopa County, Arizona.

6.      Travelers ' conduct that is at issue in this Complaint occurred in large part in Maricopa County, Arizona and was directed toward its insureds and real property, living and/or situated in Maricopa County, Arizona.

7.      Plaintiffs' claims for relief exceed the minimum jurisdictional requirements of this Court, and in light of the allegations herein, jurisdiction and venue are proper in Arizona Superior Court, in an for the County of Maricopa.

8.      Plaintiffs demand a trial by jury as to all issues raised in this Complaint.

**GENERAL ALLEGATIONS**

9.      Plaintiffs incorporate by this reference all allegations made in the preceding paragraphs of this Complaint.

10.      The Santanas are an elderly, retired couple that have lived at their home on N. 70th Dr. for more than 40 years.

11.      Approximately 25 years ago, the Santanas replaced the asphalt shingles on their roof with concrete tiles, including the area making up the carport attached to their home.

12.      For more than 25 years, the carport area of the Santanas' home adequately handled and withstood any increased weight added to the roof structure by switching to a concrete tile.

13.      On or about July 23, 2019, a storm and/or series of storms hit the Santanas' home on N. 70th Dr. Those storms were accompanied by various microbursts that toppled and fell different trees in the Santanas' neighborhood and caused damage to other of their neighbors' homes.

2

14. That storm, or series of storms, also caused the carport at the Santanas' home to collapse. The carport was rendered a total loss.

15. The collapse of the carport also caused attendant damage to other accompanying structures or components of the Santanas' home. For example, as the carport collapsed, it caused damage to gas and electrical utility lines servicing the house.

16. The collapsed carport also caused structural damage to adjacent or accompanying construction components of the Santanas' home.

17. Damage to the Santanas' home occurring in the storm and/or series of storms rendered it uninhabitable.

18. The Santanas reported a claim to Travelers for storm damage on or about July 23, 2019.

19. Travelers specifically identified the storm loss as Claim No. IES0268 (hereinafter referred to as the "Santana Storm Claim").

20. Travelers initially assigned Stephanie Moreno as adjuster on the Santana Storm Claim, and she conducted an on-site inspection soon after reporting. Ms. Moreno represented to the Santanas in no uncertain terms that the loss was covered, approved their stay in a hotel, and called out an emergency services contractor to erect temporary fencing around the structurally compromised home.

21. The Santanas relied upon the representations of coverage to their detriment by, among other things, agreeing to allow GSX Construction to perform emergency services at their home.

22. Over the course of the subsequent several days, Travelers had the Santana Storm Claim inspected by an out-of-state engineering firm, which provided an opinion that the carport collapsed because of a weight overloading condition caused by switching out asphalt shingles at the house for concrete tiles.

23.     On August 16, 2019, Travelers sent a letter to the Santanas denying the totality of their loss based upon exclusions appearing in the Insurance Policy.

24.     Travelers also notified the Santanas that it would no longer pay for their hotel stay, the emergency services that it had authorized with GSX Construction or any other facet of their storm loss.

25.     Travelers' claim denial has rendered the Santanas homeless, as their house on N. 70th Dr. is not safe to live in or occupy.

26.     The Santanas' vehicles were crushed by the carport and remain immovable under the weight of that structure.  Travelers' claim denial has denied the Santanas' use of and access to their vehicles, which are insured by a different carrier.  The Santanas do not have the funds to remove the carport debris and safely expose their vehicles for repair or assessment by their auto insurance carrier.

27.     Travelers' claim denial has rendered the Santanas largely immobile due to the inability to repair their vehicles.

28.     In adjusting the Santana Storm Claim and rendering the claim denial, Travelers materially breached the specific terms of the Insurance Policy and engaged in insurance bad faith through the following partial list of misconduct:

    a.     Intentionally neglecting policy provisions providing coverage for the subject storm damages;

    b.     Ignoring ensuing loss provisions within the Insurance Policy that provided coverage for damages resulting from an otherwise excluded causes of loss;

    c.     Ignoring significant evidence of a microburst hitting the Santanas' home, which was the actual and/or proximate cause of the carport collapse;

    d.     Ignoring the fact that the Santanas' carport had adequately performed and withstood any weight loading from concrete tiles for more than 25 years leading up to the date of loss, thus belying any contention that collapse was caused solely by a construction defect;

    e.     Failing to provide an adequate or reasonable basis supporting its coverage denial;

f.    Adjusting the Santana Storm Claim in such a manner where its only focus was upon the denial of their insurance claim;

g.    Failing to conduct adequate or reasonable investigations of the presented losses;

h.    Failing to reasonably respond to the Santanas' demands for payment, demands for action, and demands relevant to the reconsideration of its coverage denial; and

i.    Failing to give the Santanas' interests equal consideration in the adjustment of their storm loss.

29.    The foregoing partial list of misconduct was part of an overall pattern of bad faith used by Travelers to deprive the Santanas of rights and benefits they were entitled to receive under their Insurance Policy.

30.    Upon information and belief, Travelers has engaged and continues to engage in the same pattern of insurance bad faith in adjusting other similarly situated losses experienced by its insureds. Travelers has engaged in this type of institutional misconduct in adjusting homeowners' insurance losses, for the sole misguided purpose of minimizing its loss payouts and depriving its insureds of benefits they are entitled to receive under their governing policies of insurance.

## COUNT ONE
### (Breach of Contract)

31.    Plaintiffs incorporate by this reference all allegations made in the previous paragraphs of this Complaint.

32.    Travelers materially breached both the specific and implied terms of the Insurance Policy through the conduct described in this Complaint.

33.    Plaintiffs complied with all terms of their Insurance Policy, and thus, Travelers' material breaches of contract were in no manner excused or justified.

5

34.   As a result of Travelers' breaches of contract, the Santanas have sustained recoverable economic and consequential damages, the full extent of which will be proven at trial.

35.   As a result of Travelers' breaches of contract, Plaintiffs were obligated to file this legal action and incur attorneys' fees and attendant costs to pursue their damage claims.

36.   Plaintiffs' breach of contract cause of action relates to a contractual agreement with Travelers, and thus, Plaintiffs are entitled to recover their reasonable attorneys' fees and costs pursuant to A.R.S. §12-341.01.

**COUNT TWO**
**(Breach of the Covenant of Good Faith and Fair Dealing)**

37.   Plaintiffs incorporate by this reference all allegations appearing in the preceding paragraphs of this Complaint.

38.   The Santanas' Insurance Policy contains an implied covenant of good faith and fair dealing.

39.   As an insurance company, Travelers owes special duties to the Santanas pursuant to the covenant of good faith and fair dealing.  Such duties are fiduciary in nature.

40.   Travelers' duty of good faith and fair dealing owed to Plaintiffs includes, but is not necessarily limited to the following: the duty to investigate their insurance claims in a timely manner; the duty to respond to reasonable inquiries from its insureds in a timely manner; the duty to conduct reasonable investigations of the reported insurance losses; the duty to extend policy benefits under the insurance contract in a reasonable and timely manner; the duty to adjust the reported insurance losses in a fair and reasonable manner; the duty to apply the terms and conditions of the insurance policy in a reasonable manner; the duty to respect and comply with representations of coverage issued to its

6

insureds that it knows will be relied upon; and the duty to give its insureds' rights and interests equal consideration.

41.     Travelers breached the covenant of good faith and fair dealing and the duties listed above in adjusting the Santanas' reported insurance losses and denying their storm loss claim.  It did so by callously engaging in a course of unreasonable conduct—as described in this Complaint—knowing that such conduct deprived the Santanas of rights they were entitled to receive under the Insurance Policy.

42.     As a direct and proximate result of Travelers' breach of the covenant of good faith and fair dealing and denial of their storm loss, the Santanas have sustained recoverable damages including, but not limited to, economic damages, emotional distress, pain and suffering, aggravation of their physical health condition and other general damages, the specific amount of which will be proven at trial.

43.     Plaintiffs' insurance bad faith cause of action (breach of the covenant of good faith and fair dealing) arises out of a contractual agreement existing between Travelers and Plaintiffs.  Plaintiffs are therefore entitled to recover their reasonable attorneys' fees pursuant to A.R.S. §12-341.01.

44.     Travelers' conduct as described in this Complaint was reprehensible in nature, and done with an evil mind and the product of an evil hand. Travelers recklessly engaged in a course of wrongful conduct that it knew would subject its insureds to substantial injury.

45.     Travelers' conduct was in reckless and callous disregard of rights and interests that the Santanas enjoyed under their policy of insurance, with Travelers  engaging in that conduct knowing that it was subjecting the Santanas to significant hardship.

46.   In light of the reprehensible nature of Travelers' conduct, Travelers should be assessed punitive and exemplary damages to deter such conduct in the future and set an example of Travelers as an insurance entity.

WHEREFORE, having presented their allegations against Defendant, Plaintiffs pray for a Judgment entered against Travelers as follows:

A.   Awarding Plaintiffs all of their economic and consequential damages caused by Defendant's breaches of contract;

B.   Awarding compensatory damages for Plaintiffs' tort-related claims for relief;

C.   Awarding Plaintiffs interest for the untimely payment of their insurance claims pursuant to A.R.S. §20-462;

D.   Awarding Plaintiffs' reasonable attorneys' fees and costs pursuant to A.R.S. §12-341.01 and/or other pertinent provisions of Arizona law;

E.   Providing Plaintiffs with equitable relief relevant to Defendant's representations of insurance coverage;

F.   Awarding punitive damages against Travelers in an amount to deter similar actions in the future and set an example of Travelers, such damages being commensurate with Travelers' financial health and well being;

G.   Pre- and post-judgment interest with respect to Plaintiffs' contract-based damages; and

H.   An award or decree of any other legal or equitable remedy that this Court deems just and proper.

DATED this 12th day of November 2019.

**LAW OFFICES OF ROBERT D. RYAN, P.L.C.**

By:   /s/ Robert D. Ryan
343 W. Roosevelt Street, Suite 220
Phoenix, Arizona 85003
*Attorney for Plaintiffs*

8